

**U.S. Department of Justice**

*Deepwater Horizon Task Force*

Jennifer L. Saulino
Director

400 Poydras Street, Suite 1000
New Orleans, Louisiana 70130

November 18, 2015

Honorable Stanwood R. Duval, Jr.
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C368
New Orleans, Louisiana 70130

Re:   *United States v. Robert Kaluza and Donald Vidrine*
      Criminal Docket No. 12-265

Dear Judge Duval:

   In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States Department of Justice, Criminal Division, Deepwater Horizon Task Force and Fraud Section (hereinafter "the Government") wishes to acknowledge the following agreement between the Government and Donald Vidrine, the defendant, in the above-captioned proceeding. The defendant's undersigned counsel, Robert N. Habans, Jr. and Jan K. Frankowski, have reviewed the terms of this agreement and have been advised by the defendant that the defendant fully understands the terms of this agreement.

   The Government has agreed that should the Court accept the defendant's plea of guilty to Count 23 of the Indictment now pending against him, charging the defendant with negligently discharging oil in connection with activities under the Outer Continental Shelf Lands Act and which affected natural resources belonging to, appertaining to, and under the exclusive management authority of the United States, in such quantities as were harmful, in violation of Title 33, United States Code, Sections 1319(c)(1)(A) and 1321(b)(3), the Government will not bring any other charges arising from the defendant's conduct as detailed in the Factual Basis for this Plea Agreement, and will move to dismiss any remaining counts of the Indictment upon the entry of judgment with respect to Count 23.

   The Government and the defendant are entering into this plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the agreement that the defendant will serve a ten-month term of probation in exchange for his plea of guilty. In addition to any terms of probation imposed by the Court, the defendant agrees to perform 100 hours of community

1



service. The defendant and the Government agree that no fine will be imposed pursuant to Title 33, United States Code, Section 1319(c)(1), which provides for a sentence of imprisonment, or a fine, or both. The defendant and the Government further agree, pursuant to 18 U.S.C. §3663A(a)(3), that the defendant will pay restitution in the amount of $50,000 to the National Fish and Wildlife Foundation ("NFWF"), a nonprofit organization established pursuant to 16 U.S.C. § 3701-3710, which sum shall be used for the same purposes as payments received by NFWF pursuant to plea agreements in *United States v. BP Exploration and Production, Inc.*, No. 2:12-cr-00292-SSV (E.D. La.) and *United States v. Transocean Deepwater Inc.*, No. 2:13-cr-00001-JTM (E.D. La.), namely, to conduct or fund projects to remedy harm to resources where there has been injury to, or destruction of, loss of, or loss of use of those resources resulting from the Macondo oil spill. Payment shall be made in a lump sum, not later than 30 days following sentencing. The defendant shall not take as a tax deduction, in the United States or elsewhere, any portion of the restitution paid pursuant to this agreement.

Pursuant to Section 3E1.1, Acceptance of Responsibility of the U.S. Sentencing Guidelines, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility. Further, the Government will file a motion requesting an additional one (1) level decrease in the defendant's offense level, assuming the offense level prior to any reduction for acceptance of responsibility is a level 16 or greater.

The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider a pre-sentence report as provided for in Federal Rule of Criminal Procedure 11(c)(3)(A). The parties further agree that should the Court not abide by this agreement, the defendant or the Government has the option of declaring this plea agreement null and void.

Further, the defendant understands that a mandatory special assessment fee of $25.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for up to one (1) year pursuant to Title 18, United States Code, Section 3583(b)(3). Supervised release is a period following release from prison during which the defendant's conduct will be monitored by the Court or the Court's designee. The defendant fully understands that if the defendant violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and the defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

The defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. The defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment,



including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. The defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post-conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the

3



maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings. The parties further agree that should the Court refuse to accept this plea agreement, the defendant or the Government has the option of declaring this plea agreement null and void and particularly the 410 waiver is rescinded.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct of any other person.

After the parties execute this plea agreement, the Government also agrees that any statements or testimony made later by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement other than false statements, or those relating to crimes of violence will not be used against the defendant except for the purpose of impeachment. However, any such statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, and/or prosecutors, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges. However, the defendant acknowledges that if he withdraws his decision to plead, his plea of guilty is successfully withdrawn or otherwise set aside, or he violates the terms of this plea agreement, then any statement or testimony given by the defendant after he signs this plea agreement shall be admissible for all purposes against the defendant and may be used by the government against the defendant in any and all future criminal proceedings.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his/her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

4



The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JENNIFER L. SAULINO
Director, Deepwater Horizon Task Force

_____
JENNIFER L. SAULINO
Director
GARY A. WINTERS
Trial Attorney

_____  11-18-15
ROBERT N. HABANS, JR.          (Date)
JAN K. FRANKOWSKI
Attorneys for the Defendant

_____  11/18/15
DONALD VIDRINE                 (Date)
Defendant