IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 2:12-cr-00265 |
| ROBERT KALUZA | * | |
| | * | |

\* \* \*

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EMAIL EXCHANGE BETWEEN KALUZA AND ANYA KOMOGORTSEVA

The United States opposes Defendant Robert Kaluza's motion to exclude Government Exhibits 32 and 33, which are email exchanges between Kaluza and Anya Komogortseva in the days after the *Deepwater Horizon* blowout and explosion. The emails are Kaluza's own statements, and thus when offered by the government against Kaluza are non-hearsay under Fed. R. Evid. 801(d)(2)(A). But the defendant contends that the emails (1) are irrelevant because they are probative only of Kaluza's presence and position on the rig, which is stipulated, and (2) are unfairly prejudicial because they contain statements relating to Kaluza's possible need to testify and the deaths of 11 rig workers.

*First*, the emails are relevant not only because they evidence Kaluza's presence on the rig, but because they help give the jury a complete picture of Kaluza's demeanor and state of mind immediately after the accident, which in turn is relevant to show that Kaluza had a cavalier attitude toward the events that occurred on the *Deepwater Horizon*. Kaluza is charged with acting negligently in interpreting the critical negative pressure test. Among the ways the government will show Kaluza's negligence is through evidence that he blithely accepted what he

should have known to be an unscientific explanation for pressure on the drillpipe known as the "bladder effect" or "annular compression," *see* Indictment ¶ 19, and failed to take steps to investigate the anomaly of persistent pressure on the drillpipe at a time when there was no pressure on the kill line. *See* Indictment ¶ 20. The government will present evidence that in an interview on the M/V Damon Bankston immediately after the accident, and in subsequent interviews over the next week, Kaluza made a series of statements and otherwise conducted himself in a manner that suggested he was not overly concerned with anything that had happened during the negative pressure test.

  Kaluza's communications with Ms. Komogortseva are quite revealing and are consistent with the other evidence the government intends to present about Kaluza's post-accident statements. In the email of April 25 (GX 32), Kaluza stated:

> It was a very exciting night when we all had to get off the drilling rig in the middle of the ocean at night with the rig exploding!!! :)

After describing his exit from the rig in a lifeboat, he exclaimed, "Exciting night!!! but also a very sad night because some died." Later, he stated that he "won't go back to work for at [sic] while due to all of the legal and investigative processes, so I'll enjoy Vegas and of course communicate with you again[.]" Kaluza described his loss of his travel documents and expresses hope that he will get a new cell phone soon, since, as he described in an email on April 23, he had lost his cell phone in the fire. The entire tone of the email is suggestive of an individual who has taken the monumental events on the *Deepwater Horizon* fairly lightly — indicative of someone who was heedless of the consequences of his actions on the night of the blowout and continues to display that same cavalier attitude. To be sure, Kaluza references the "sad night" due to the deaths of some rig workers, and of course the defense is free to argue that this shows Kaluza did in fact take the events quite seriously. How the email ultimately is interpreted and

what role it plays in the determination of whether Kaluza was negligent is a matter for the jury — but the test at this stage is simply whether it passes muster under the basic relevance test of Federal Rule of Evidence 401, which requires only that the evidence have "any tendency to make a fact more or less probable than it would be without the evidence." *See Public Employees Retirement Sys. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014) ("the standard of relevance in an evidentiary context is not a steep or difficult one to satisfy").

The emails speak to much more than the stipulated fact of Kaluza's presence on the rig, and the defendant may not stipulate away the government's right to put on its case in the way it finds most compelling. The government is "entitled to prove its case by evidence of its own choice, or more exactly, [] a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186-187 (1997) (citing *Parr v. United States*, 255 F.2d 86, 88 (5th Cir. 1958)). The emails are particularly relevant when combined with the other evidence of Kaluza's post-accident statements and behavior that the government will offer at trial.

*Second*, the emails as a whole are highly probative and not prejudicial. Rule 403 permits a district court to exclude relevant evidence if its probative value is substantially outweighed by a danger of, *inter alia*, unfair prejudice. Fed. R. Evid. 403; *see United States v. Saldana*, 427 F.3d 298, 307 (5th Cir. 2005). The "major function" of the rule is to "exclud[e] matter[s] of scant or cumulative probative force, dragged in by the heels for the sake of prejudicial effect." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). But "unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. . . . The prejudice must be 'unfair.'" *Ballou v. Henri Studios, Inc.,* 656 F.2d 1147, 1155 (5th Cir.1981).

These emails come nowhere close to the threshold for exclusion under Rule 403. In fact, most portions of the April 25 email that the defendant claims are unfairly prejudicial can easily be redacted if the Court agrees that they are unfairly prejudicial. The defendant contends that the "most problematic" aspect of the email is Kaluza's statement that he may have to testify in a courtroom later. While it is unlikely Kaluza was speaking here of testifying in his own defense, and more probable that he was speaking of testifying in civil litigation as a witness, that sentence stands alone and can be redacted to avoid any possible issue. The same goes for the reference to the eleven deaths if the Court determines that the deaths should be excluded.[1]

With regard to the sentence beginning "I won't go back to work …," the defendant claims his post-accident employment status is not relevant to any issue in the case. Indeed it is not, but given the way Kaluza conveys this information in the email, it is entirely innocuous and not at all prejudicial. Kaluza does not say that he has been suspended or placed on leave due to his conduct on the rig; he simply informs Ms. Komogortseva that he will not be at work (*i.e.*, he will not be available) for a while due to legal and investigative processes playing out. Nothing about that statement unfairly prejudices Kaluza.

Viewed as a whole, therefore, the emails contain little or no prejudicial material that would outweigh their relevance. To the extent the Court finds any one of the defendant's contentions to have merit, the emails may be redacted. As such, they are admissible under Rule 403.

---

[1] The government contends, in its opposition to the defendant's motion *in limine* to exclude evidence of the deaths, that evidence of the deaths is necessary to provide the jury appropriate background and enable the jury to understand why certain individuals who were witnesses to key conversations on the rig floor during the negative pressure test will be not be testifying. For the reasons stated therein, the references to the deaths need not be redacted. Alternatively, if the Court grants the defendant's motion to exclude any references to the deaths, that portion of the email can be redacted without sin any way affecting the jury's understanding of the remainder.

For all these reasons, the government respectfully requests that the Court deny the motion.

New Orleans, Louisiana, this 29th day of January, 2016.

>Respectfully submitted,
>JENNIFER L. SAULINO
>Director, Deepwater Horizon Task Force
>
>/s/ Jennifer L. Saulino
>JENNIFER L. SAULINO
>Director, Deepwater Horizon Task Force
>GARY A.WINTERS
>WILFREDO FERNANDEZ
>400 Poydras Street, Suite 1000
>New Orleans, Louisiana 70130
>Phone: (202) 445-9674

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed electronically the foregoing United States' Response to Defendant's Motion *in Limine* to Exclude Email Exchange between Kaluza and Anya Komogortseva with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record and to counsel for the Defendants, on January 29, 2016.

/s/ JENNIFER L. SAULINO
Jennifer L. Saulino
