IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 2:12-cr-00265 |
| ROBERT KALUZA | * | |
| * * * | | |

**RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE HIS PERFORMANCE EVALUATIONS, PERFORMANCE ASSESSMENTS, AND RELATED DOCUMENTS AND TESTIMONY**

The Court should deny Defendant's Motion *in Limine* to Exclude His Performance Evaluations, Performance Assessments, and Related Documents and Testimony (Rec. Doc. No. 284-1) as moot. The government intends to offer this evidence to rebut any evidence proffered by the defendant that he does not have a propensity for negligence. *See, e.g., United States v. Hewitt*, 634 F.2d 277, 278 (5th Cir. 1981) ("The accused may always introduce evidence of 'pertinent' traits of his character, however, thereby opening the door to cross-examination and rebuttal on those traits."); *see also Moorhead v. Mitsubishi Aircraft Intern., Inc.*, 828 F.2d 278, 287 (5th Cir. 1987) (evidence of pilot's "past conduct is not admissible to prove that he acted in conformity with that conduct on the afternoon of th[e] crash, but it is admissible to rebut evidence of [the pilot's] past good conduct as a pilot offered in his defense."). Such rebuttal evidence is expressly permitted by Federal Rule of Evidence 404(a)(2)(A). Indeed, the defendant agrees that the government can "rebut the defendant's evidence" of a character trait (Rec. Doc. No. 284-1 at 6 n.7). Although the defendant currently claims (Rec. Doc. No 284-1 at 6) that he does not intend to introduce character evidence that he does not have a propensity for

1

negligence, if he does so at trial, then testimony and documentary evidence relating to his disregard of safety is admissible.

The defendant may open the door to portions of this evidence in other ways as well, for instance by discussing his training and experience in ways contrary to the performance evaluation evidence. As the Fifth Circuit has explained, "'it is well settled that the purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the adverse party. . . . [I]f the defendant opens the door to the line of testimony, he cannot successfully object to the prosecution accepting the challenge and attempting to rebut the proposition asserted.'" *United States v. Allard*, 464 F.3d 529, 535 (5th Cir. 2006) (quoting *United States v. Delk*, 586 F.2d 513, 516 (5th Cir. 1978)).

Should the defendant open the door, the government will seek a ruling from the Court at that time.

## **CONCLUSION**

For the reasons outlined above, this Court should deny as moot Defendant's Motion *in Limine* to Exclude His Performance Evaluations, Performance Assessments, and Related Documents and Testimony.

New Orleans, Louisiana, this 29th day of January, 2016.

Respectfully submitted,

JENNIFER L. SAULINO
Director, Deepwater Horizon Task Force


 /s/ Jennifer L. Saulino
JENNIFER L. SAULINO, [Member of DC Bar]
GARY A. WINTERS, [Member of DC Bar]
WILFREDO FERNANDEZ, [Member of FL Bar]
SANGITA K. RAO, [Member of IL Bar]
400 Poydras Street, Suite 1000
New Orleans, Louisiana 70130
Phone: (202) 445-9674

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

      /s/ Jennifer L. Saulino
      JENNIFER L. SAULINO, [Member of DC Bar]
      Director, Deepwater Horizon Task Force